SHEEHAN v. COYLE.

(Supreme Court, Appellate Term. October, 1901.)

TENANTS—EVICTION—EFFECT ON LIABILITY FOR RENT.
    Defendant rented a flat for $35 per month, payable in advance. He paid $20 for the month of November, and vacated the premises on the 22d for alleged untenantable condition. *Held* that, as the eviction occurred after the rent became due, it was not a defense to the landlord's claim for the balance of the monthly rent.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Cornelius F. Sheehan against John Coyle. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Peter Schmuck, for appellant.
George W. Gibbons, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover the sum of $15, balance due for the rent of certain premises for the month of November, 1900. The trial judge rendered a judgment in favor of the defendant upon the following state of facts: The defendant rented a flat in the plaintiff's premises, for which he agreed to pay the sum of $35 per month in advance. He paid $20 to apply on the rent for the month of November, 1900, and had failed to pay the balance. The defendant vacated the premises about November 22, 1900, claiming upon the trial that his rooms had been made untenantable by reason of certain repairs that were being done to the hall and other rooms of the house by the landlord. The rent for the month of November fell due upon the 1st, and it is a well-known rule that, to render an eviction of the tenant a valid defense against the landlord's claim for rent, it must occur before the rent falls due. 2 McAdam, Landl. & Ten. 1336, and cases there cited. The judgment in favor of the defendant must, therefore, be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.